## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE BRAN, | |
| Plaintiff, | CIVIL ACTION NO. 3:22-CV-00755 |
| v. | |
| UNITED STATES, et al., | (MEHALCHICK, M.J.) |
| Defendants. | |

### MEMORANDUM

Presently before the Court is a motion to appoint counsel and a motion to amend/correct filed by *pro se* prisoner-Plaintiff Jose Bran ("Bran") on September 28, 2022. (Doc. 31; Doc. 32). Bran, a prisoner incarcerated in the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"), commenced this civil rights and negligence action pursuant to 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. (Doc. 1). On May 23, 2022, Bran filed the complaint against Defendants the United States, the Federal Bureau of Prisons ("BOP"), J. Meyers, the National Gang Unit Agency, and S.I.S. (Doc. 1). For the reasons provided herein, the motion to appoint counsel will be DENIED, and the motion to amend/correct will be GRANTED.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Bran, proceeding *pro se*, initiated the instant action on May 23, 2022, by filing the original complaint, as well as a motion for leave to proceed *in forma pauperis* and a motion to appoint counsel. (Doc. 1; Doc. 2; Doc. 3). On June 16, 2022, Bran filed a motion for leave to file an amended complaint, a renewed motion to appoint counsel, and a declaration. (Doc. 5; Doc. 6; Doc. 7). On July 15, 2022, the Court denied Bran's motion for leave to proceed *in*

*forma pauperis* for failure to file a certified copy of his Prisoner Trust Fund Account statement. (Doc. 9). On the same day, the Court denied Bran's motions to appoint counsel and granted the motion for leave to file an amended complaint. (Doc. 10). On July 25, 2022, Bran filed a motion for leave to proceed *in forma pauperis* and a certified Prisoner Trust Fund Account statement. (Doc. 12; Doc. 14). On August 1, 2022, the Court granted Bran's motion to proceed *in forma pauperis* and issued summons to Defendants. (Doc. 15; Doc. 16). On August 9, 2022, Bran filed the full filing fee of $402.00. (Doc. 17). On August 11, 2022, Bran filed a renewed motion to file an amended complaint, which includes a request for summary judgment. (Doc. 18). On August 15, 2022, the Court issued an Order vacating in part the prior Order granting Bran's motion for leave to proceed *in forma pauperis* and denying as moot Bran's motion for leave to proceed *in forma pauperis*. (Doc. 19). On August 18, 2022, the Court denied as premature Bran's request for summary judgment, and granted Bran's motion to amend. (Doc. 20).

On August 30, 2022, Bran filed a motion for leave to file a second amended complaint asserting civil rights violations against Defendants and additional named individual officers at USP-Lewisburg and seeking monetary damages against all Defendants. (Doc. 21, at 1-2). On September 1, 2022, Bran filed two motions for leave to file a second amended complaint, which re-allege factual allegations set forth in the original complaint and the prior motion for leave to amend. (Doc. 22, at 1-2; Doc. 23, at 1-2). On September 6, 2022, having determined that Bran's amended complaints failed to state a claim upon which relief can be granted, the Court denied Bran's motions and granted Bran leave to file a second amended complaint within thirty (30) days of the date of this Order, on or before Thursday, October 6, 2022. (Doc. 24; Doc. 25).

On September 28, 2022, Bran filed a renewed motion to appoint counsel and a motion to amend/correct, as well as a proposed second amended complaint. (Doc. 31; Doc. 32; Doc. 32-1). In the proposed amended complaint, Bran asserts similar allegations as the prior amended complaints. (Doc. 32-1, at 1-3). Bran seeks to add as new defendants "J. Meyers, Johnson, N.G.U. National Gang Unit Agency," "Ordonez, C. Darin, Galloway, S.I.S. Department at USP-Lew.," "RADM S. Spaulding, C. Sizemore, Sailor, FBOP/BOP at USP-Lew." (Doc. 32-1, at 1-3). Bran states he recognizes that he is a MS-13 gang member, "but just because of his gang affiliation doesn't mean that h[e is] eligible to 'SMU, SHU,' program. Therefore, [Bran] is challenging the legal legality of his illegal assignment, and investigation launched against [Bran] without any or known evidence that [Bran] is being charged of a criminal or disciplinary offenses." (Doc. 32-1, at 1). Bran asserts claims of deliberate indifference, discrimination, cruel and unusual punishment, and due process violations pursuant to the First, Fifth, Eighth, and Fourteenth Amendments. (Doc. 32-1, at 2). For relief, Bran seeks injunctive relief and compensatory and punitive damages. (Doc. 32-1, at 3).

II.   **DISCUSSION**

A.  MOTION TO APPOINT COUNSEL

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997), the court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Under § 1915(e)(1), the "court may request an attorney to represent any person unable to employ counsel." The district court's appointment of counsel is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58. The

United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

Additionally, another practical consideration must be taken into account when considering a motion for appointment of counsel. As the Third Circuit has observed:

> [W]e must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

*Tabron*, 6 F.3d at 157.

In the renewed motion to appoint/correct, Bran states that appointment of counsel is necessary because: (1) he is unable to afford counsel; (2) his confinement in SMU/SHU

4

makes it difficult to litigation his case; (3) he needs legal aid to help explain and organize the issues in the complaint; and (4) he individually sought legal representation but was rejected. (Doc. 31, at 1). On the record presently before the Court, application of the *Tabron* factors weighs in favor of denying Bran's application for appointment of counsel at this time.

In evaluating this first factor, courts should consider "the plaintiff's education, literacy, prior work experience, and prior litigation experience . . . plaintiff's ability to understand English . . . or, if the plaintiff is a prisoner, the restraints placed upon him or her by confinement." *Tabron*, 6 F.3d at 156. Bran has thus far demonstrated an ability to adequately litigate this case, as he filed a complaint, amended complaint, and multiple motions to amend/correct that include headings and numbered paragraphs outlining defendants, facts, allegations, legal standards, and other necessary information. (Doc. 1; Doc. 7; Doc. 21; Doc. 22; Doc. 23; Doc. 32). By logically presenting his claims, Bran has demonstrated the ability to comprehend the legal issues and provide facts to support his claims. *See Easley v. Tritt*, No. 1:17-CV-930, 2020 WL 836695, at *22 (M.D. Pa. Feb. 20, 2020). Bran also successfully filed the motion for leave to proceed *in forma pauperis*, the three motions to appoint counsel, and four motions to amend/correct. (Doc. 2; Doc. 3; Doc. 5; Doc. 6; Doc. 7; Doc. 21; Doc. 22; Doc. 23; Doc. 31; Doc. 32); *see Montgomery*, 294 F.3d at 499. Bran "has shown he sufficiently understands court procedure" and has the apparent ability to comprehend the legal issues and litigate this action thus far. *Daughtry v. Kauffman*, , No. 3:17-CV-0442, 2019 WL 118600, at *4 (M.D. PA. Jan. 7, 2019). However, Bran's limited law library access slightly tips the balance in his favor for the first *Tabron* factor. *See* 6 F.3d at 156. In addition, the fourth *Tabron* factor, Bran's ability to retain counsel on his own, also weighs in favor of granting the motion

because Bran's *in forma pauperis* status demonstrates that his is unable to afford an attorney. (Doc. 2); *see Tabron*, 6 F.3d at 156.

However, the remaining *Tabron* factors weigh against appointing counsel. There is no indication that Bran is unable to present his case and the legal issues do not appear to be particularly difficult or complex. (Doc. 32-1). Because "most of" the *Tabron* factors have not been met at this time, coupled with this Court's duty to construe pro se pleadings liberally, Bran's claims weigh against the appointment of counsel. *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Daughtry*, 2019 WL 118600, at *5 (citation omitted) (denied motion to appoint counsel where plaintiff successfully presented arguments, obtained relevant records to support his claims, and independently attempted to obtain counsel without success).

Accordingly, Bran's motion for appointment of counsel is DENIED. (Doc. 31). Should future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Bran.

B. MOTION TO AMEND/CORRECT

Motions to amend are governed by Rule 15 of the Federal Rules of Civil procedure, which provides as follows:

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

6

Fed. R. Civ. P. 15.

As the text of this rule implies, decisions regarding motions to amend or supplement pleadings rest in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. *See e.g., Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263 (3d Cir. 2008); *Cureton v. National Collegiate Athletic Ass'n.*, 252 F.3d 267 (3d Cir. 2001). That discretion, however, is governed by certain basic principles, principles that are embodied in Rule 15 of the Federal Rules of Civil Procedure. Thus, "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). Further:

> The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case. *See Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938–39 (3d Cir. 1984). It allows for misunderstandings and good-faith lapses in judgment, so long as the party thereafter acts reasonably and diligently.

*Arthur*, 434 F.3d at 206.

"Among the grounds that could justify a denial of leave to amend are . . ., bad faith, dilatory motive, prejudice, and futility. 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993)) (some quotations omitted). Moreover, a party seeking to supplement pleadings must act in a diligent fashion. Thus, for example, "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint but chose not to resolve

7

them." *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (citing *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654 (3d Cir. 1998)).

Moreover, in undertaking this analysis of a motion for leave to amend a complaint "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Lorenz*, 1 F.3d at 1414 (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). However, "[i]n the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz*, 1 F.3d at 1414. Further, while the burdens of additional discovery are relevant to consideration of whether a proposed amendment results in substantial or undue prejudice, oftentimes, "[g]iven the liberal view towards amendment pleadings embodied in Rule 15, re-opening discovery, rather than forecasting claims, . . . would seem to be the preferable course for addressing these claims of potential prejudice." *New Prime, Inc. v. Brandon Balchune Constr. Co.*, No. 3:14-CV-2410, 2016 WL 3742872, at *4 (M.D. Pa. July 13, 2016).

In this case, as noted *supra*, Bran's proposed amended complaint seeks to add the following new defendants to this action: "J. Meyers, Johnson, N.G.U. National Gang Unit Agency," "Ordonez, C. Darin, Galloway, S.I.S. Department at USP-Lew.," "RADM S. Spaulding, C. Sizemore, Sailor, FBOP/BOP at USP-Lew." (Doc. 32-1, at 1-2). Bran states that since the filing of the original complaint, he determined the liable entities and now seeks to amend the complaint to reflect the defendants' identities and their actions giving rise to this case. (Doc. 32, at 1). Defendants Federal Bureau of Prisons, J. Meyers, National Gang Unit Agency, S.I.S., and United States have returned executed summons, but no answer to the complaint has been filed as of the date of this Memorandum. (Doc. 16; Doc. 27).

Upon consideration of the proposed amended complaint, the Court concludes that Defendants would not be unfairly prejudiced by the addition of new defendants. While the Court acknowledges that "prejudice to the non-moving party is the touchstone for the denial of an amendment," *Lorenz*, 1 F.3d at 1414, the Court also concedes that "[g]iven the liberal view towards amendment pleadings embodied in Rule 15, re-opening discovery, rather than forecasting claims, . . . would seem to be the preferable course for addressing these claims of potential prejudice." *New Prime, Inc.*, 2016 WL 3742872, at *4. In the instant case, all of the allegations in Bran's original complaint and the proposed amended complaint stem out of the same nucleus of operative facts—his alleged segregation due to his status as a member of the MS-13 gang. (Doc. 1; Doc. 32-1). Moreover, Bran asserts that he only learned of the additional defendants' names after the filing of the original complaint. (Doc. 32, at 1).

Accordingly, in the exercise of the Court's discretion, the motion to amend is GRANTED. (Doc. 32). The Clerk of Court will be directed to file the proposed amended complaint as a separate entry on the docket and serve the complaint upon all defendants, including those originally named and those newly named in the proposed amended complaint. (Doc. 32-1).

III. **CONCLUSION**

Based on the foregoing reasons, Bran's renewed motion to appoint council (Doc. 31) is **DENIED**, and Bran's motion to amend (Doc. 32) is **GRANTED**.

An appropriate Order follows.

Dated: October 3, 2022              *s/ Karoline Mehalchick*
                                    **KAROLINE MEHALCHICK**
                                    **Chief United States Magistrate Judge**

9